**CYTOMEDIX,**

v.

**LITTLE ROCK FOOT.**

No. 02 C 4782.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 12, 2002.

---

Robert F. Coleman, Kenneth Philip Ross, Steven R. Jakubowski, Elizabeth E. Richert, Robert F. Coleman & Associates, Chicago, IL, John F. Flannery, Timothy E. Levstik, James Paul Krueger, Fitch, Even, Tabin & Flannery, Chicago, IL, Robert Patrick Cummins, Thomas Cusack Cronin, Cummins & Cronin, LLC, Chicago, IL, for plaintiff.

Scott Edward Baxendale, Kevin M. Flowers, Rashmi Vibha Gupta, Marshall, Gerstein & Borun, Chicago, IL, Mark Murphey Henry, Henry & Cullen, LLP, Little Rock, AR, for defendants.

ZAGEL, District Judge.

This is a patent infringement case brought by plaintiff, who filed this action shortly after its reorganization plan was confirmed by Judge Wedoff, bankruptcy judge. Defendants now move to dismiss or transfer this adversary proceeding to Arkansas, first arguing that they are not subject to jurisdiction, and second, arguing that the proper venue of this case is Arkansas, the place where the allegedly infringing acts occurred.

Plaintiff argues that the patent claims are "related to" bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334(b) and that venue of this action is proper under 28 U.S.C. §§ 1409(a) and 1412, notwithstanding the provisions of 28 U.S.C. § 1400(b). In another infringement case brought by plaintiff against LB Hyperbarics, Inc., Judge Wedoff denied dismissal and transferral based on these arguments. Plaintiffs insist that this case is essentially the same and that this court should follow Judge Wedoff's ruling.

■■■ An action is "related to" bankruptcy jurisdiction under § 1334(b) if its resolution "affects the bankrupt's estate or the allocation of its assets among creditors." *Zerand–Bernal Grp., Inc. v. Cox,* 152 B.R. 927, 934 (Bankr.N.D.Ill.1993) (citations omitted), *aff'd,* 23 F.3d 159 (7th Cir.1994). Plaintiff asserts that "from the outset" of its bankruptcy proceeding, the patents-at-issue are its "most significant assets" and "critical" to its success and reorganization, and therefore, these infringement actions are clearly "related to" the bankruptcy jurisdiction. Next, plaintiff argues that this action is "related to" bankruptcy jurisdiction because of "the positive impact that a favorable resolution of these actions will have upon the value of the new common stock issued under the [Confirmed Reorganization] Plan to prepetition creditors."

In the infringement case involving LB Hyperbarics, Inc., Judge Wedoff held the following:

In this case the dispute centers on patent infringement claims of the debtor against three noncreditor parties. The defendants argue that there is no related to jurisdiction because the debtor never attributed any value to the claim or offered to apply any portion of the proceeds of the claim to the creditors. On the other hand, the debtor argues that the patents are the most important aspect to the successful reorganization of the debtor. The debtor's disclosure statement characterized these patent rights as, quote, "critical" to the debtor's success and specifically addressed the likelihood that postconfirmation infringement litigation would be commenced to enforce the debtor's patent rights. The outcome of this adversary proceeding will impact the patents, which at the time the case was filed, the adversary was filed, were property of the estate. In the end the matter here is a close one.

But as I see it, there is no question that the prosecution of a cause of action belonging to the estate during the pendency of the administration of the case is within the jurisdiction of the bankruptcy court.

Record at 10–11, *Cytomedix, Inc.* (No. 02 A 01275) (October 31, 2002). In the present case, defendants first contend that plaintiff initially stated that the infringement claims were not valuable and could not assess the value of those claims. After reviewing the record, I do not find that plaintiff actually stated that the claims were not valuable; rather, plaintiff failed to ascribe a value to those claims, which is not the same as declaring them not valuable. Second, defendants argue that "even if the outcome of this action affected the market price of Cytomedix's new common stock, that would not affect how many shares a creditor would receive, or the allocation of those shares, under the confirmation plan." These arguments are essentially the same as those posed in the case before Judge Wedoff. I agree with Judge Wedoff that this is a close question and concur with his ruling in the LB Hyperbarics case. I also agree with Judge Wedoff's holding that the minimum contacts standard as laid out in *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945), does not apply in the bankruptcy context and find that there is personal jurisdiction over defendants, who are United States residents. Therefore, defendants' motion to dismiss is denied.

■■■ With respect to transfer, I also adopt Judge Wedoff's ruling that the bankruptcy venue provision of 28 U.S.C. § 1409(a) takes precedence over the patent venue provision of § 1400(b). Defendants also assert that venue in Illinois is improper under 28 U.S.C. §§ 1391(b) and 1409(d). However, I find no authority to justify

transferral on either ground, and with respect to § 1409(d), I find that it does not apply because plaintiff alleges misconduct both before and after the commencement of its bankruptcy proceeding. Section 1409(d) provides that cases "based on a claim arising after the commencement of such case from the operation of the business of a debtor" may be brought "only in a district court for the district where a state or federal court sits in which, under applicable non-bankruptcy venue provisions, an action on such claim may have been brought." Based on plaintiff's allegations, it appears that the cause of action arose prior to the commencement of the bankruptcy case and therefore, § 1409(d) is inapplicable here. Thus, defendants' motion to transfer is denied.

Defendants' motion to dismiss or transfer is denied for the reasons stated above. Defendants have also requested, if this case is not dismissed, that plaintiffs submit a more definite statement as to which of the 36 claims at issue defendants are accused of infringing. Plaintiff is to submit this more definite statement to defendants within 14 days of this order.